## Ionno v. American Progressive Health Ins. Co. of New York

*William N. Kanehann, Jr.*, for plaintiff.
*William G. Malkames*, for defendant.

KOCH, J., January 22, 1962.—In September 1958, plaintiff, mother of Anthony Ionno, minor, purchased a student accident policy from defendant. Plaintiff received an identification certificate indicating certain coverage described in a master policy issued to the school authority. While the policy was in effect, Anthony suffered damage to his upper right central incisor and upper left central incisor, requiring dental x-rays and treatment. There is no dispute concerning the allegation that the child's injuries were within the general coverage of the policy and resulted directly and independently from accidental bodily injury.

Plaintiff's complaint in assumpsit seeks the recovery of $360. Paragraph 12 claims $240 for dental care rendered by Joseph F. Hacker, Jr., D.D.S., and in paragraph 14, the sum of $100 for future hospital and dental care.

At trial we directed a verdict for plaintiff in the sum of $359 with interest from January 13, 1959. Of

the six reasons in support of a motion for a new trial, defendant now presses three basic propositions: (1) That the trial judge erred in directing the jury to find for plaintiff in that plaintiff failed to show that the injuries were to "whole, sound and natural teeth only;" (2) that the trial judge erred in directing the jury to include in its verdict the sum of $150 which did not fall into the category of future hospital and dental care; (3) that the trial judge erred in directing the jury to award any sum in excess of $50 with respect to the claim set forth in paragraph 12 of the complaint.

The policy in question provides for coverage with respect to dental treatment if the injury is sustained to "whole, sound and natural teeth only." Since the insurance contract fails to define what is meant by "whole, sound and natural teeth only," we must rely upon two principles. These are that policies of insurance will be construed most strongly against the insurer (Blue Anchor Overall Co. v. Pennsylvania Lumbermans Mutual Insurance Company, 385 Pa. 394), and that such connotation will be placed upon words in a contract which are generally accepted by the mass of mankind, and the words will be given their normal, usual, plain, ordinary, popular, natural, and obvious meaning unless the circumstances show that a different meaning is applicable, and the court must assume that the parties intended a reasonable result (8 P. L. Encyc., Contracts, §124.).

We start with the proposition that the injuries were sustained by a 13 year old school child who was not the possessor of dentures. The testimony of the child, his mother, and the two dental experts indicates beyond dispute that the teeth were whole and natural. While it is true that no witness for plaintiff used the term "whole, sound and natural," it is also clear that coun-

sel for the defendant insurer did not request the dental experts to express an opinion regarding this matter and no testimony was offered to contradict what appeared to us to be self-evident. We are now confronted with the contention that since Dr. Hacker testified that there was one filling in each tooth, as a result of previous cavities, the issue should have been submitted to the jury. Specifically, it is maintained that there is grave question as to whether the teeth were whole and natural.

Reference to any standard dictionary will reveal a variety of meanings of the word "natural." We shall not review them but would observe that Webster's Third New International Dictionary contains a definition which admirably fits this school child and the issue before us: "Implanted or held to be implanted by nature; existing or present from birth; being part of the constitution of a person." The same authority enlightens us concerning the word "whole" in this way: "Having all its proper parts or components; lacking nothing that belongs to it; nothing salient has been left out."

The record reveals no testimony which would have justified us in requiring the jury to consider whether this child's teeth fell into the category of unwhole, unsound and unnatural teeth. We observe, incidentally, that a motor vehicle with a repaired fender does not thereby become one which is not whole or sound. Similarly, it would go beyond reason to contend that the human skull assumes an unnatural or unsound state as a result of bone, or metal implanting.

Our direction to the jury to include in its verdict the sum of $119 raises a more troublesome question. This item comprises $50 for professional services rendered by Dr. William Covert on August 28 and 29, and September 1, 1959, and $69 for hospitalization at the

Allentown Hospital in August 1959. Defendant maintains that these items were not pleaded and points to the fact that as a result of defendant's preliminary objections (motion for more specific pleading) plaintiff did not allege the items in her amended complaint filed October 24, 1960.

We cannot agree with plaintiff's counsel that paragraph 14, which claims future medical expense, is sufficient notice to defendant of the claim for these two items. We find it difficult, however, in spite of unskillful pleading on the part of counsel with respect to these two small items, to penalize the client's just claim. In the first place, the amount of the verdict does not exceed the total amount demanded in the complaint and it is difficult for us to determine in what manner defendant was surprised or harmed. While we do not condone informality in pleading, we deem the inclusion of these items to be necessary for an intelligent and just judgment between the parties. See 3 Standard Pennsylvania Practice 22.

The contention that any verdict in excess of $50 is erroneous is based upon the following provision in the policy:

"The Three Thousand ($3,000.00) Dollars of Maximum Benefits shall also apply to dental care or treatment as hereinabove defined, *except with respect to charges relating to braces, crowns, jackets, inlays and bridges,* the Company's liability shall be limited to a maximum of Twenty-five, Fifty, or One Hundred Dollars when the injury involves one, two, three or more teeth respectively." (Italics supplied.)

Plaintiff's exhibit 3, the bill of Dr. Hacker does indicate that a permanent jacket crown was cemented in place for the upper right and upper left incisors, but there is no testimony as to the *specific amounts* relating to those items. The testimony of Dr. Hacker is as follows:

"Q. Your bill reflects your estimate of the value of your professional time for such operation, without breaking it down how much you charged for each item?

"A. You don't break down a bill unless it is asked for."

A reasonable interpretation of the uncontradicted professional testimony and the policy convinces us that the item of $240 came within the scope of dental care and treatment. Defendant produced no evidence as to what might constitute a reasonable charge for the excepted portion of the policy provision.

We have reviewed the entire record and conclude that there were no issues which required the decision of a jury and the amount of the directed verdict is proper. The motion for a new trial must, accordingly, be denied.

*Order*

Now, January 22, 1962, defendant's motion for a new trial is denied and judgment is entered upon the verdict in favor of plaintiff, Anna M. Ionno, and against defendant, American Progressive Health Insurance Co. of New York, in the amount of $359 with interest from January 13, 1959.